WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Thomas Bernal,<br><br>            Petitioner,<br><br>v.<br><br>Edwin Jensen, et al.,<br><br>            Respondents. | No. CV-20-00717-PHX-MTL<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Camille D. Bibles' Report and Recommendation ("R & R") (Doc. 9) recommending that Steven Thomas Bernal's Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1) be denied and dismissed with prejudice. The Court has reviewed the record, including the Petition (Doc. 1), Respondent's Answer (Doc. 7) to the Petition, and Petitioner's Reply (Doc. 8), the R & R (Doc. 9), and Petitioner's Objection (Doc. 10). Respondents have not filed a response to Petitioner's Objection. For reasons set forth below, the Court overrules Petitioner's objections and adopts the R & R in its entirety.

**I.      LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In so doing, district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must

review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Objections to the magistrate judge's findings and recommendations must be "specific." Fed. R. Civ. P. 72(b)(2). If the petitioner raises a general objection, "the Court is relieved of any obligation to review it." *Martin v. Ryan*, No. 13-cv-00381, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014).

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner Bernal is incarcerated based on a state conviction. This Court must deny the Petition as to any claims that state courts have adjudicated on the merits unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law," or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)–(2). An unreasonable application of law must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks and citation omitted). Thus, a petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 419–20 (citation omitted). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court . . . ." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

II. **BACKGROUND**

Because the R & R recounts the factual and procedural history of this case in detail (Doc. 9 at 1–5), only a brief factual recitation is necessary. In October 2017, Bernal and Patrick Johnson sold 3.45 grams of methamphetamine to an undercover police officer. Bernal was indicted by a Maricopa County grand jury for the sale or transportation of dangerous drugs. (Doc. 7-1 at 4–5.) After a three-day trial, a jury returned a guilty verdict. (Doc. 7-1 at 18.) Bernal was sentenced to 14 years in prison with 60 days' presentence incarceration credit. (Doc. 7-1 at 95–96.)

Bernal's appointed appellate counsel filed a brief in accordance with *Anders*, asserting that she had not identified any colorable claims that could be raised on his behalf under Arizona Rule of Criminal Procedure 32. (Doc. 7-1 at 104–13.) On December 3, 2018, Petitioner filed a *pro per* brief, alleging three claims of error. (Doc. 7-1 at 119–30.) The State did not file an answering brief. (Doc. 7-1 at 132.) The Arizona Court of Appeals affirmed. (Doc. 7-1 at 138–40.) Thereafter, Petitioner sought review in the Supreme Court of Arizona (Doc. 7-1 at 142–47), which denied review on July 22, 2019. (*Id.* at 149.)

Next, Petitioner filed a timely notice of post-conviction relief ("PCR"). (Doc. 7-1 at 151.) The Superior Court denied the PCR petition on its merits. (Doc. 7-1 at 207.) Petitioner did not seek further review.

Petitioner filed a habeas petition in this Court on April 13, 2020. (Doc. 1.) The Petition raises four grounds for relief: (1) the trial court lacked jurisdiction to render a judgment or impose a sentence because Petitioner's trial and sentencing was conducted by a Commissioner; (2) Petitioner's judgment and sentence violated the Arizona and United States Constitutions; (3) the State failed to demonstrate sufficient evidence; and (4) constitutional violations precluded relief on his direct appeal and post-conviction review. (Doc. 1 at 8.) Respondents filed a response to the Petition on May 28, 2020 (Doc. 7), and Petitioner filed his Reply on June 12, 2020 (Doc. 8). The Magistrate Judge subsequently issued the instant R & R. (Doc. 9.)

## III.   DISCUSSION

### A.   Exhaustion and Procedural Default

Petitioner's *pro per* direct appeal was denied on its merits by the Arizona Court of Appeals (Doc. 7-1 at 138), and Petitioner's PCR was likewise denied on its merits by the Superior Court (*Id.* at 207.) The R & R found that Petitioner had exhausted, but procedurally defaulted, any claim for relief not previously properly presented to the Arizona Court of Appeals. (Doc. 9 at 7.) Nonetheless, because Petitioner exhausted some of his claims for relief (trial court lacked jurisdiction, constitutional violations, and insufficiency of evidence), the R & R considered those grounds for relief. (Doc. 9 at 10–

12.) Petitioner objects both to the R & R's retelling of the procedural history in this case relating to the Superior Court's treatment of his Motion to Strike Untimely Answer. (Doc. 9 at 1–2.) Petitioner filed his PCR petition on August 22, 2019. (Doc. 7-1 at 151.) Subsequently, the Superior Court entered an order, with "[g]ood cause appearing," directing the State to respond no later than October 14, 2019. (Doc. 7-1 at 166.) The State responded on October 14, 2019. (Doc. 7-1 at 168.) Petitioner did not reply, but instead filed a Motion to Strike Untimely Answer. (Doc. 7-1 at 182.)

Arizona Rule of Criminal Procedure 32.9 provides that "[t]he State must file its response no later than 45 days after the defendant files the petition." Ariz. R. Crim. P. 32.9(a). But "[t]he court for good cause may grant the State a 30-day extension to file its response." *Id.*

Petitioner argues that the State's 45-day window to file an answer expired October 7, 2019, and the Superior Court improperly granted the State an additional week to file an answer. (Doc. 10 at 2.) Here, the Superior Court made a finding of good cause to extend the State's answer deadline. (Doc. 7-1 at 166.) Moreover, it is "the trial court's prerogative to control its own docket." *State v. Lamar*, 205 Ariz. 431, 436, ¶ 27 (2003). Therefore, no error resulted in the extra week allowed to the State to file its answer to Petitioner's PCR petition. The State's answer was timely. Moreover, federal habeas relief is not available for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Accordingly, any objection to the Superior Court's treatment of the State's answer is overruled, and the R & R's conclusion as to exhaustion and procedural default is affirmed in all respects.

**B.    Trial Court Jurisdiction**

Petitioner next objects to the authority of the Commissioner who presided over his criminal trial and sentenced him. (Doc. 10 at 3–4.) He first asserts that the State filed an untimely response to his PCR petition, thereby waiving further participation in the action, which "precludes any sua sponte input by the court, leaving the disposition to be made upon the presentation of the petitioner alone." (Doc. 10 at 3.) Petitioner cites to *State v. Brita*, 158 Ariz. 121, 124 (1988) to support his assertion. But *Brita* held that "[i]t is

inappropriate to consider an issue for the first time on appeal where the issue is a fact-intensive one." *Id.* (finding the state waived its opportunity to argue the applicability of a statute on appeal because it never argued the applicability of the statute to the trial court). *Brita* does not apply to the Petitioners' case. As set forth above, the State filed a timely response. Also, the Superior Court and the R & R addressed only the jurisdictional issues that Petitioner himself raised in his petition.

Petitioner also reasserts the merits of his argument regarding the authority of the Commissioner who presided over his trial and sentencing. He argues that because the Commissioner was a Judge Pro Tempore, the trial court was "completely absent of jurisdiction to hear, convict, or sentence anyone." (Doc. 10 at 3.) Petitioner relies on evaluation questionnaires and the court reporter's certification as proof. (*Id.*) As explained by both the Arizona Court of Appeals and the R & R, a Commissioner who presided over Petitioner's trial and sentencing was appointed as a superior court judge pro tempore pursuant to A.R.S. §§ 25-121 and 12-222. (*See* Docs. 7-1 at 213–14, Doc. 9 at 11.) Therefore, the Commissioner's authority was valid.

Petitioner does not make any specific objections to the R & R, nor does he provide any new assertions or arguments regarding the Commissioner's jurisdiction. Instead, Petitioner reasserts the same arguments he has made to the Arizona Court of Appeals, the Superior Court, and to the Magistrate Judge. Under Rule 72, objections must be specific . . . to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "An obvious purpose for this requirement is judicial economy – to permit magistrate judges to hear and resolve matters not objectionable to the parties. Because de novo review of the entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'" *Quinn v. Hacker-Agnew*, No. CV-19-08152-PCT-DGC (CDB), 2020 WL 6680401, at *2 (D. Ariz. Nov. 9, 2020) (citations omitted). Petitioner's objections are overruled.

C. **State and Federal Constitutional Violations**

Petitioner objects to the jury instructions presented at trial. (Doc. 10 at 4.) He

argues that the trial court's instruction to the jury that methamphetamine is a dangerous drug is a "direct violation of the prohibition on burden shifting" and also violates "due process and fair trial." (*Id.*)

Petitioner was charged with violating A.R.S. § 13-3407, which prohibits the sale or transportation of dangerous drugs. It provides: "A person shall not knowingly . . .transport for sale, important into this state or offer to transport for sale or import into this state, sell or transfer or offer to sell or transfer a dangerous drug." A.R.S. § 13-3407(7). Section 13-3401 defines "dangerous drug" to include methamphetamine. A.R.S. § 13-3401(6)(c)(xxxviii). Petitioner objects that the court's instruction ("methamphetamine is a dangerous drug") provided an element of the charged offense and impermissibly lightened the State's burden. (*Id.*)

The trial court is allowed to provide the jury with definitions. *State v. Hausner*, 230 Ariz. 60, 83, ¶¶ 105–108 (2012) (finding the trial court reasonably defined terms in jury instructions). Here especially, where the term is defined by the legislature, there is no question that methamphetamine is a dangerous drug. Therefore, the State did not have to prove that methamphetamine was a dangerous drug, and no impermissible burden shifting occurred. *State v. Light*, 175 Ariz. 62, 63–64 (App. 1993) (holding the State does not need to prove that methamphetamine is a dangerous drug because the legislature has already declared that methamphetamine is a dangerous drug).

Petitioner next objects to the R & R's footnote 3, which he claims "misperceives the objection, taking out of context that 'methamphetamine is a dangerous drug' without placing it in the follow-on explanatory role in support of the assertive nature of defining the subject substance as a dangerous drug." (Doc. 10 at 4.) The R & R footnote quoted the entire Court of Appeals paragraph that concluded the trial court did not err by stating methamphetamine is a dangerous drug. Therefore, there was no context omitted in the R & R's footnote regarding the Court of Appeals' holding. *See State v. Bernal*, No. 1 CA-CR 18-0441, 2019 WL 949007, at *3, ¶ 16 (Ariz. Ct. App. Feb. 26, 2019). Petitioner's objection is overruled.

### D. Insufficiency of the Evidence

The R & R concluded that the appellate court's decision—sufficient evidence supported Petitioner's conviction—was not lacking in justification. (Doc. 9 at 15.) Petitioner objects to this finding because he asserts that he cannot be found guilty as an accomplice if no principal defendant is identified. (Doc. 10 at 5.) He alleges Patrick Johnson was the person who initially "engaged the officers in the drug transactions." (*Id.* at 4.) Petitioner believes Mr. Johnson to be a "confidential informant, enlisted and engaged, perhaps to work off his own embroilment, and was actively serving those thought to be likely drug dealers." (Doc. 10 at 5.) Petitioner likewise complains about the poor quality of the recording of the phone call where he negotiated the price of the methamphetamine with the officers. (*Id.*) Petitioner highlights the indictment, which lists his own name as "Defendant -002," and Mr. Johnson is not listed. (*Id.*) Petitioner finally asserts that "no connection of any kind was shown between the Petitioner and Mr. Johnson." (*Id.*)

"A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011). To prevail on an insufficiency of the evidence claim, a federal habeas court must presume that the trier of fact resolved any evidentiary conflicts in favor of the prosecution and must defer to that resolution. *Jackson v. Virginia*, 443 U.S. 307, 326 (1979).

The Arizona Court of Appeals found that because both officers testified that Petitioner did not personally sell the methamphetamine, the jury was properly instructed on accomplice liability. An accomplice is a person who, *inter alia*, "provides means or opportunity to another person to commit the offense." A.R.S. § 13-301(3). To prove accomplice liability under A.R.S. § 13-303, the State must only prove "[t]he person is an accomplice of such other person in the commission of an offense including any offense that is a natural and probable or reasonably foreseeable consequence of the offense for which the person was an accomplice." A.R.S. § 13-303(a)(3). Petitioner's criminal

liability under that statute did not depend on Mr. Johnson's. Moreover, by negotiating the price of the methamphetamine with Officer Elcock, Petitioner provided "means or opportunity" for the sale of the methamphetamine to take place. A.R.S. § 13-301(3). On this record, there is no basis to set aside the jury's verdict. This Court therefore overrules Petitioner's objection to the R & R's finding.

### E. Conditions of Confinement

Petitioner finally objects to his conditions of confinement under the CARES Act. (Doc. 10 at 6.) A habeas corpus proceeding is not the proper vehicle for Petitioner to challenge the circumstances of his confinement. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement . . . may be brought pursuant to § 1983 in the first instance."); *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."). Moreover, though Petitioner asserts that his confinement in the prison violates "Amendment XIV equal protection guarantees," the Ninth Circuit has declined to resolve the question of whether a claim asserting a violation of a prisoner's constitutional rights based on the Covid-19 pandemic properly may sound in habeas. *See, e.g.*, *Wilson v. Ponce*, 465 F. Supp. 3d 1037, 1047–49 (C.D. Cal. 2020), appeal dismissed, 2020 WL 6293689 (9th Cir. Oct. 19, 2020) (concluding that inmate claims premised on the asserted dangers and risks posed by COVID-19 are not cognizable as habeas claims, because a claim premised on the institutional conditions caused by the COVID-19 pandemic is not an attack on the validity of the prisoner's confinement or its duration, so habeas jurisdiction did not exist); *see also Alvarez v. Larose*, 445 F. Supp. 3d 861, 866 (S.D. Cal. 2020), appeal dismissed, 2020 WL 8374097 (9th Cir. Oct. 15, 2020). Petitioner's conditions of confinement objection is overruled.

### F. Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability

must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). Because this Court rendered the judgment denying the Petition, the Court must either issue a certificate of appealability or state why a certificate should not issue. *See id.* A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Upon review of the record in light of the standards for granting a certificate of appealability, the Court finds that a certificate shall not issue either because dismissal of the Petition is justified by a "plain procedural bar," *id.* at 484, or because "jurists of reason" would not find the Court's assessment of the constitutional claims "debatable or incorrect," *id.* at 485.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Magistrate Judge Camille D. Bibles' Report and Recommendation (Doc. 9) is adopted.

**IT IS FURTHER ORDERED** that Steven Thomas Bernal's 28 U.S.C. § 2254 Petition (Doc. 1) is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability because, for reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right, a point on which reasonable jurists could not disagree. 28 U.S.C. § 2253(c)(2).

**IT IS FINALLY ORDERED** directing the Clerk of the Court to enter judgment terminating the case.

Dated this 11th day of March, 2022.

Michael T. Liburdi
United States District Judge